UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BARBARA HASELEY, Individually and
on behalf of all others similarly situated**

                            **Plaintiff,**                10-CV-0838A(Sr)

v.

**THE TRAVEL TEAM, INC. ,**

                            **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #7.

Currently before the Court is The Travel Team, Inc.'s ("Travel Team's), motion to deny certification of a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), and a class action pursuant to section 191 of the New York Labor Law.  Dkt. #13.  For the following reasons, it is recommended that the motion to deny conditional class certification of the FLSA claim and to deny class certification of the New York Labor Law claim be granted.  *See Summa v. Hofstra University*, 715 F. Supp.2d 378, 383-84 (E.D.N.Y. 2010) (conditional certification of a collective action may be determined by magistrate judge whereas class certification requires report and recommendation to district judge).

**BACKGROUND**

Plaintiff's complaint alleges that she worked as a Travel Agent for Travel Team, working an average of ten hours per week in excess of the statutory maximum number of hours provided in 29 U.S.C. § 207(a)(1) without receiving overtime compensation for such excess hours as required by the FLSA and NY Labor Law.  Dkt. #1, ¶¶ 13, 37 & 42.  Upon information and belief, the complaint alleges that Travel Team requires workers, including the plaintiff and all others similarly situated, to work extensive overtime without paying them overtime wages as required by law.  Dkt. #1, ¶ 2.  Upon information and belief, the complaint alleges that it has been the defendant's policy to classify Travel Agents as exempt from overtime.  Dkt. #1, ¶ 29.  The complaint also alleges, upon information and belief, that the Travel Team did not keep accurate records as required by the FLSA and New York Labor Law.  Dkt. #1, ¶ 41.  Thus, plaintiff's complaint alleges that

> As part of its regular business practice, the Defendant has intentionally, willfully, and repeatedly engaged in a pattern practice, and/or policy of violating the FLSA and the New York Labor Law.  This policy and pattern or practice includes but is not limited to:
>
> a. willfully failing to record all of the time that its employees, including the Plaintiff and the Class Members, have worked for the benefit of the Defendant;
>
> b. willfully failing to keep payroll records as required by the FLSA and New York Labor Law;
>
> c. willfully misclassifying Ms. Haseley and the Class Members as exempt from the requirements of the FLSA; and

      d.      willfully failing to pay its employees, including the Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

Dkt. #1, ¶ 31.

Janet Herman, Vice President of Strategic Alliances for Travel Team, affirms that plaintiff became an employee of defendant effective September 12, 2003, following Travel Team's acquisition of another travel agency. Dkt. #13-3, ¶ 6. Ms. Herman affirms that Ms. Hasely held the job title of Team Leader from the acquisition until October 17, 2008, when she requested and was granted a transfer to the position of travel agent.[1] Dkt. #13-3, ¶ ¶ 10-11. Ms. Herman affirms that both the Team Leader and travel agent positions were classified as non-exempt and that plaintiff was classified as non-exempt throughout her tenure. Dkt. #13-3, ¶¶ 9 & 12. Ms. Herman submits plaintiff's payroll history showing her bi-weekly regular and overtime earnings throughout her employment with defendant. Dkt. #13- 3, pp.7-10.

Plaintiff submits the defendant's policy not allowing overtime, which provides as follows:

---

[1] Ms. Herman submitted an e-mail dated October 17, 2008 from plaintiff which states:

> I would like to be able to step down from teamleader and I know you approved the 4 day week with Tues off – that is great – but now I would like to only work 32 hours a week . . . I think the teamleader thing has me too frazzled – I talked to Tracey and she said I need 32 hours for health coverage – will you see if that is possible – thanks.

Dkt. #13-3, p.12.

> The Travel Team has a NO OVERTIME policy. If the need to work overtime should arise all associates need prior approval. If an associate (on any shift) has to work past their scheduled hours for any reason it is the associate's responsibility to inform their team leader of the overage and make arrangements in that same week to reduce a scheduled shift in the same amount of time. The team leaders will then be responsible for following up in EZ Labor to make certain all associates are not over 40 hours in a work week. There will be no exceptions to this policy.

Dkt. #19-7, p.2. Plaintiff also proffers affidavits from other employees, including at least one travel agent, affirming, *e.g.,* that:

> 5. Beginning in approximately January 2004 the Defendant implemented a "no overtime" policy. The method of enforcement was to require myself and other employees to adjust their work days by later arrival or extended lunch periods in order to insure that no one worked more tha[n] forty (40) hours per week. The policy of the Defendant was that overtime was not to be paid until and employee had worked forty-two and [sic] half (42.5) hours.
>
> 6. My typical work day included fifteen to thirty minutes of overtime in order to finish calls from customers. For the period of 2005 – 2008 I would work an average of two to three hours of overtime per week.
>
> 7. Our time was kept by signing in and out of work on a time sheet that was in the Defendant's internal computer network.
>
> 8. In the event that I did work over forty hours in a week my team leader, Monica McKeel, would tell me that she was going to open my time sheet and manually adjust my time down to forty hours.
>
> 9. On other occasions I received emails from Sharon Guriglia and Stephanie Wilson that they were going to alter my time sheet to reflect that I work only forty hours in a week. As a result of the Defendant's policy and the alterations in my reported work hours I do not believe that I was paid for overtime that I actually earned.

Dkt. #19-2.

-5-

## **DISCUSSION AND ANALYSIS**

Travel Team argues that this action should not proceed as either a collective action under the FLSA or a class action pursuant to NY Labor Law because plaintiff was never classified as exempt and was paid overtime for all hours worked in excess of 40 hours in a work week. Dkt. #13-2, p.3. Travel Team notes that the one-half hour of the hour lunch break which is paid by Travel Team does not constitute time worked under either the FLSA or NY Labor Law and does not, therefore, count toward overtime eligibility. Dkt. #13-2, p.5. Travel Team notes that it was audited in January, 2010, and that the New York State Department of Labor confirmed that hours for which an associate is paid, but for which they did not actually work, need not be counted for purposes of determining eligibility for overtime compensation. Dkt. #13-2, p.5.

Plaintiff disputes defendant's records and notes that "the complaint specifically notes that an issue of the matter is whether the Defendant has failed to keep true and accurate time records for all hours worked by the Plaintiff and the Rule 23 Class." Dkt. #19, p.4.

In it's reply, Travel Team argues that plaintiff has failed to demonstrate that she is similarly situated to the members of the putative class of individuals that she seeks to represent and that she has failed to demonstrate that she is able to adequately represent the interests of the class that she seeks to represent. Dkt. #20, p.1. Specifically, defendant argues that plaintiff has proffered no factual evidence that her time records were modified and notes that the allegation with respect to accurate time records is upon information and belief. Dkt. #20, pp.4-5.

FLSA Collective Action

29 U.S.C. § 216(b), provides for a collective action to recover unpaid overtime compensation and liquidated damages "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." However, before a Court will facilitate notification to potential class members of the opportunity to opt in to the collective action, plaintiff must demonstrate, based on pleadings and affidavits, that she is similarly situated to potential class members. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 (2d Cir. 2010); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).  At this initial stage of the proceedings, plaintiff bears a minimal burden, which may be satisfied by a modest factual showing sufficient to demonstrate that she and potential plaintiffs together were victims of a common policy or plan that violated the law.  *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp.2d 101, 104 (S.D.N.Y. 2003).  Although the "modest factual showing" should remain a low standard of proof at this initial inquiry, it "cannot be satisfied simply by unsupported assertions." *Myers*, 624 F.3d at 555 (internal quotation omitted).

Plaintiff has not satisfied her initial burden of demonstrating that she and potential plaintiffs were victims of a common policy or plan that violated the law so as to warrant the exercise of this Court's discretionary power to facilitate the sending of notice of the collective action to potential class members.  Plaintiff's complaint does not contain sufficiently specific allegations to permit the court to determine, even at this initial stage, that she is similarly situated to the potential class.  Moreover, although other employees submitted affidavits affirming that supervisors adjusted time sheets to remove hours worked in excess of 40 hours per week, plaintiff did not submit an

affidavit in response to this motion and her complaint lacks any factual specificity with respect to the assertion defendant willfully failed to record all the time that its employees worked.  Dkt. #1, ¶ 31.  For example, "Plaintiff's Factual Allegations" limit the allegation that defendant did not keep accurate records by proffering it upon information and belief.  Dkt. #1, ¶ 41.  Accordingly, it is recommended that defendant's motion to deny certification of a collective action be granted.

Class Certification Under Fed. R. Civ. P. 23

In order to qualify for class certification, plaintiff must first demonstrate that the action meets each of the following four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  If this showing is made, then plaintiff must show that at least one of the three conditions set forth in Rule 23(b) have been met.  Plaintiff's complaint suggests that she is seeking class certification pursuant to Rule 23(b)(3), which requires the Court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.,*

*Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met."  *Myers*, 624 F.3d at 547.

Plaintiff has not established by a preponderance of the evidence that each of Rule 23's requirements has been met.  For example, although the complaint raises the question of "whether [Travel Team] has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class" as a question of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, the plaintiff's allegation that Travel Team "did not keep accurate records" is proffered "[u]pon information and belief."  Dkt. #1, ¶¶ 20 & 41.  Moreover, although other employees of the Travel Team explicitly affirm that supervisors altered their time sheets or required them to sign out before they finished working, there is no such affirmation from plaintiff and her complaint lacks such allegations.  Dkt. #19-2 thru 19-5.  Thus, the record before the Court fails to establish a common factual question between the plaintiff and the proposed class members.  Accordingly, it is recommended that the motion to deny class certification of the New York Labor Law claim be granted.

## CONCLUSION

Based on the foregoing, it is recommended that defendant's motion (Dkt. #13), to deny certification of a collective action pursuant to the FLSA and to deny certification of a class action pursuant to New York Labor Law be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections</u>

<u>to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:    Buffalo, New York
               September 13, 2011

                                          *s/ H. Kenneth Schroeder, Jr.*
                                          H. KENNETH SCHROEDER, JR.
                                          United States Magistrate Judge