UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

BARBARA HASELEY, individually and on
  behalf of all others similarly situated,

                              Plaintiff,

                                                    **DECISION AND ORDER**
          v.                                              10-CV-838A


THE TRAVEL TEAM, INC.,

                              Defendant.

===============================================

       This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr.,

pursuant to 28 U.S.C. § 636(b)(1).  On February 15, 2011, defendant filed a

motion to deny class and collective action certification (Dkt. No. 13).  On

September 13, 2011, Magistrate Judge Schroeder filed a Report,

Recommendation, and Order ("RRO") (Dkt. No. 21), recommending that

defendant's motion be granted.

       Plaintiff filed objections to the RRO on October 7, 2011.  Defendant filed a

response to plaintiff's objections on October 28, 2011.  Plaintiff filed reply papers

on November 11, 2011.  The Court has deemed the matter submitted on papers

pursuant to Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP").

       Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any

pretrial matter under this [section] where it has been shown that the magistrate

judge's order is clearly erroneous or contrary to law."  The Court has reviewed

plaintiff's objections to those portions of Magistrate Judge Schroeder's RRO that concern the denial of certification for a collective action. *See Harper v. Gov't Emps. Ins. Co.*, No. CV 09–2254, 2011 WL 4963770, at \*1 (E.D.N.Y. Oct. 18, 2011) ("A motion to authorize a collective action, unlike a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, is a non-dispositive motion upon which a Magistrate Judge has authority to rule.") (citations omitted).  Upon such review, the Court finds that those portions of Magistrate Judge Schroeder's RRO that concern the denial of certification for a collective action are neither clearly erroneous nor contrary to law.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Specifically, the Court must review *de novo* those portions of Magistrate Judge Schroeder's RRO that concern the denial of certification for a class action.  Upon a *de novo* review of the dispositive portions of the RRO, and after reviewing the submissions from the parties, the Court adopts the proposed findings of the RRO.  In adopting the dispositive recommendations of the RRO, the Court notes that motion practice concerning class certification resembles other types of dispositive motion practice in that "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *In re Initial Public Offerings Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006); *cf. Patterson v.*

*County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ("Affidavits submitted in support of or in opposition to the summary judgment motion must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  The Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made on information and belief.") (internal quotation marks and citations omitted).  Here, the only information linking plaintiff to the rest of the proposed class consists of allegations from the complaint.  Allegations from the complaint can suffice to defeat a Rule 12 motion to dismiss but not to satisfy Rule 23 criteria.  The Court thus agrees with Magistrate Judge Schroeder's analysis as set forth in the RRO.

Accordingly, for the reasons set forth above and in Magistrate Judge Schroeder's Report, Recommendation, and Order, the Court grants defendant's motion to deny class and collective action certification (Dkt. No. 13).

This case is referred back to Magistrate Judge Schroeder for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:December 7, 2011

3